# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TERESA VELARDI, | : |
| Appellant, | : CIVIL ACTION NO. 3:16-1120 |
| v. | : (JUDGE MANNION) |
| COUNTRYWIDE BANK, FSB, *et al.*, | : |
| Appellees. | : |

## MEMORANDUM

Pending before the court is *pro se* appellant Teresa Velardi's bankruptcy appeal. (Doc. 1). Ms. Velardi seeks the reversal of two judgment orders of the Bankruptcy Court in the Middle District of Pennsylvania granting a motion to dismiss filed by appellees Countrywide Bank, FSB ("Countrywide"), Mortgage Electronic Registrations Systems, Inc. ("MERS"), Bank of America, N.A. ("BANA"), and Phelan Hallinan Diamond & Jones, LLP ("Phelan"), (collectively, the "Countrywide appellees"), and a second motion to dismiss filed by appellees Rushmore Loan Management Services, LLC ("Rushmore") and Wilmington Savings Fund Society, FSB ("Wilmington"), (collectively, the "Rushmore appellees"). (*See* Doc. 3 at 116–117, 147). The above motions sought dismissal of Ms. Velardi's adversary complaint in her underlying Chapter 7 bankruptcy case.[1] Based on the foregoing, the orders

---

[1] Ms. Velardi's Chapter 7 bankruptcy case filed pursuant to 11 U.S.C. §707(a) is docketed under case number 5-15-bk-02449-RNO. Her adversary complaint is docketed under adversary number 5-15-bk-ap-00126-RNO. Both cases are assigned to Bankruptcy Judge Robert N. Opel, II.

of the bankruptcy court will be affirmed and Ms. Velardi's appeal will be dismissed.

**I.      BACKGROUND**

On January 8, 2008, Ms. Velardi executed a mortgage and promissory note with Countrywide, with MERS acting as nominee, in the principle amount of $176,750.00 for property located at 612 Sunset Street, Clarks Summit, Pennsylvania. (*See* Doc. 3 at 38, 46). On September 28, 2011, MERS assigned the mortgage to BANA, successor by merger to BAC Home Loans Servicing, LP, f/k/a Countrywide Home Loans Servicing, LP. (*See id*. at 35–37). In 2012, BANA filed a foreclosure complaint against Ms. Velardi in the Court of Common Pleas of Lackawanna County. (*See id*. at 10; Doc. 4 at 16). On May 8, 2014, the county court entered summary judgment in favor of BANA. (Doc. 4 at 40). On May 15, 2015, Ms. Velardi mailed a "Notice of Rescission/Cancellation" letter to all of the appellees proclaiming the letter to be an exercise of her right to rescind the loan pursuant to the Truth in Lending Act (TILA), 15 U.S.C. §1601 *et seq.*, as amended. (Doc. 3 at 69–71). On May 20, 2015, the county court's entry of judgment in the foreclosure action was affirmed on appeal. (Doc. 4 at 40).

On June 8, 2015, Ms. Velardi filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code without legal counsel, therein staying the foreclosure action. On August 13, 2015, Ms. Velardi initiated an adversary

2

action by complaint against the appellees, proceeding *pro se*.² (*See* Doc. 3 at 9–33). In her adversary complaint, Ms. Velardi alleged that the appellees violated the TILA by failing to disclose who the "true lender" was at the closing of the property. (*Id.* at 17, ¶2). She sought enforcement of the May 15, 2015 rescission letter because the appellees did not respond to it. She described her complaint as a suit to "enforce" the rescission and not to "make the rescission effective by operation of law." (*Id.* at 11, ¶2). While seeking to "enforce rescission" of the loan transaction, she also argued that the loan transaction was never consummated. Lastly, she attempted to bring a criminal action against appellees Phelan and Rushmore. She sought various forms of relief in her complaint including, but not limited to, an extension of the stay, an injunction enjoining the continuation of the state foreclosure action, a return of the promissory note marked cancelled, a return and satisfaction of the mortgage, the return of previous payments, actual damages, and statutory damages.

On September 14, 2015, the Countrywide appellees filed a motion to dismiss the adversary complaint. On September 29, 2015, the Rushmore appellees also filed a motion to dismiss. The bankruptcy court held a hearing on the motions on January 28, 2016. (*See* Doc. 10). On February 24, 2016,

---

² Ms. Velardi appears to have anticipated that the appellees, particularly BANA, would at some point file a motion to vacate the automatic stay in the bankruptcy action. (*See* Doc. 3 at 16, ¶21).

3

the bankruptcy court issued an opinion and entered judgment in favor of the Countrywide appellees, dismissing Ms. Velardi's adversary complaint against the Countrywide appellees with prejudice. (Doc. 3 at 99–114, 116). The Rushmore appellees' motion to dismiss was denied without prejudice because they failed to properly serve the motion. (*Id*. at 105). The bankruptcy court also granted leave to the Rushmore appellees to file a renewed dispositive motion or an answer to Ms. Velardi's complaint within thirty (30) days of the decision and order. (*Id*. at 116–117). On March 22, 2016, the Rushmore appellees filed a second motion to dismiss.

On March 17, 2017, Ms. Velardi appealed the bankruptcy court's entry of judgment in favor of the Countrywide appellees to this court.[3] Following an initial decision and reconsideration, the court determined that the bankruptcy court's February 24, 2016 order was not a final order for purposes of appeal, particularly because the order did not terminate all claims with respect to all parties. The court, therefore, dismissed her appeal without prejudice. (*See id*.).

On June 2, 2016, the bankruptcy court granted the Rushmore appellees' second motion to dismiss in open court and entered judgment in their favor. (*See* Doc. 3 at 147; Doc. 11). This concluded the entire adversary proceeding. The bankruptcy court did not issue another formal opinion.

---

[3] *See Velardi v. Countrywide*, Civil Docket. No. 3:16-cv-00470-MEM (Doc. 1), (M.D. Pa.).

4

Instead, the bankruptcy court incorporated by reference its prior decision with respect to the Countrywide appellees, relying on those findings and conclusions in open court. (*See* Doc. 11). Judgment was then entered in favor of the Rushmore appellees. (Doc. 3 at 147).

On June 10, 2016, Ms. Velardi filed the current appeal. (Doc. 1). On July 15, 2016, she filed her opening brief. (Doc. 7). On August 3, 2016, the Rushmore appellees filed an opposition brief. (Doc. 12). On August 18, 2016, the Countrywide appellees filed an opposition brief. (Doc. 13). Mr. Velardi filed a reply to the appellees' briefs on September 2, 2016. (Doc. 14). Ms. Velardi's appeal is now ripe for review.

## II.   THE BANKRUPTCY COURT'S DECISION

Ms. Velardi's appeal only challenges the dismissal of the various TILA claims in her adversary complaint. In the underlying adversary proceeding, the appellees sought dismissal of Ms. Velardi's TILA claims on various grounds, including: (1) the timeliness of Ms. Velardi's May 15, 2015 notice of rescission under the TILA; (2) the doctrines of res judicata and claim-splitting; and (3) the *Rooker-Feldman* doctrine. (*See* Doc. 4 at 14–15; Doc. 6 at 10–14). Exercising judicial restraint, the bankruptcy court did not address the appellees' arguments regarding the doctrine of res judicata and the *Rooker-Feldman* doctrine. (Doc. 3 at 113–14). Nor did the bankruptcy court address the arguments regarding claim-splitting. Instead, the bankruptcy court's

5

decision rested solely on the timeliness of Ms. Velardi's notice of rescission. (*See* id. at 109–111; Doc. 11 at 10–11).

Construing Ms. Velardi's *pro se* complaint liberally, the bankruptcy court determined that Ms. Velardi's TILA claims and the right to rescission were barred by the TILA's three-year statute of repose, 15 U.S.C. §1635(f). (Doc. 3 at 103, 109–111). The bankruptcy court determined that the limitations period began on January 8, 2008 because the loan transaction was consummated on that date, making Ms. Velardi's May 15, 2015 notice of rescission untimely. (*Id*. at 109–110). The bankruptcy court also determined that any amendment to the adversary complaint would have been futile. (*Id*. at 111; Doc. 11 at 12). Prior to reaching this determination, the bankruptcy court concluded that it could reach the limitations arguments on a motion to dismiss based on the "Third Circuit Rule." (*Id*. at 108). This rule, as explained by the bankruptcy court, allows limitations defenses to be raised in a motion to dismiss where the complaint and/or attached exhibits indicate that the claim has not been brought within the requisite time period. (*Id*.).

The bankruptcy court also addressed Ms. Velardi's argument that the appellees waived their defenses to the adversary complaint because their motions were late. (*Id*. at 104). The Countrywide appellees' motion was one day late and the Rushmore appellees' motion was over two weeks late. (*See id*.). The bankruptcy court concluded that no defenses were waived due to the

untimely filings, partly because no explicit deadlines for dispositive motion had been set by the court. (*Id.*).

## III. LEGAL STANDARDS

This court has appellate jurisdiction over the bankruptcy court's February 24, 2015 order and entry of judgment in favor of the Countrywide appellees and June 2, 2016 entry of judgment in favor of the Rushmore appellees.[4] 28 U.S.C. §158(a)(1) (The district court has "jurisdiction to hear appeals from final judgments, orders, and decrees" of a bankruptcy court). When a district courts sits as an appellate court over a final order of a bankruptcy court, it reviews the bankruptcy court's legal determinations *de novo*, its findings of fact for clear error, and its exercise of discretion for abuse of discretion. *In re Trans World Airlines, Inc.*, 145 F.3d 124, 131 (3d Cir. 1998). The court's review of the granting of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)[5] is plenary or *de novo*. *See Black v. Montgomery Cty.*, 835 F.3d 358, 364 (3d Cir. 2009).

---

[4] The bankruptcy court correctly concluded that the adversary proceeding was a core proceeding pursuant to 28 U.S.C. §157(b)(2)(K) because Ms. Velardi's adversary complaint attempted to avoid a mortgage—*i.e.*, a lien—on her property. (See Doc. 3 at 101). Thus, the bankruptcy court's judgment is final even though the parties did not consent. *See* 28 U.S.C. §157(b)(1).

[5] *See* FED. R. BANKR. P. 7012(b) (applying Federal Rule of Civil Procedure 12(b)(6) to adversary proceedings).

7

### A. Motions to Dismiss

Rule 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). In reviewing such a motion, the court must "accept all factual allegations as true, construe the [c]omplaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the [c]omplaint, the plaintiff may be entitled to relief." *Fleisher v. Standard Ins. Co.*, 679 F.3d 116, 120 (3d Cir. 2012) (internal quotation marks and citation omitted). It is the moving party that bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

Dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). This "plausibility" determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Ultimately, the plaintiff must be able to "provide the grounds of his entitlement to relief," requiring more than bold-faced labels and conclusions. *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (brackets and internal quotation marks omitted) (quoting *Twombly*, 550 U.S. at 555). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.*

8

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. *See Sands v. McCormick, 502 F.3d 263, 268 (3d Cir. 2007)*. The court may, however, consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." *Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993)*. Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002)*.

B.  **Leave to Amend**

Generally, the court should grant leave to amend a complaint before dismissing it as merely deficient, in the spirit of Federal Rule of Civil Procedure 15.[6] *See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252 (3d Cir. 2007); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000)*. "The court should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility."

---

[6] *See* Fed. R. Bankr. P. 7015 (applying Federal Rule of Civil Procedure 15 to adversary proceedings).

9

*Alston v. Parker*, 363 F.3d 229, 236 (3d Cir. 2004). Here, the bankruptcy court's denial of leave was premised on futility.

> Futility means that the complaint, as amended, would fail to state a claim upon which relief could be granted. The standard for assessing futility is the same standard of legal sufficiency as applied under Federal Rule of Civil Procedure 12(b)(6). In other words, the District Court determines futility by taking all pleaded allegations as true and viewing then in the light most favorable to the plaintiff.

*Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 175 (3d Cir. 2010) (internal quotation marks, citations, and original alterations omitted).

When a bankruptcy court grants a motion to dismiss without leave to amend on the basis of futility the district court reviews the denial of leave for abuse of discretion. *See id*. Where the bankruptcy court failed to consider a proposed amendment the district court's review will be *de novo* to determine if a plausible claim has been stated. *See id*. There will be no abuse of discretion "where pleading deficiencies would not have been remedied by proposed amendments." *Id*. (quoting *Kanter v. Barella*, 489 F.3d 170, 181 (3d Cir. 2007)).

### C. Liberal Pleading Standard

*Pro se* pleadings must be "construed liberally." *Alston*, 363 F.3d at 234. The policy requiring courts to construe *pro se* pleadings liberally is "driven by

the understanding that [i]mplicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training." *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006)) (alteration in original). As the bankruptcy court correctly noted, pleadings by *pro se* litigants will be "held to [a] less stringent standard than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

## III. DISCUSSION

Ms. Velardi presents two specific issues for the court's appellate review: (1) whether the bankruptcy court erred or abused its discretion in granting the appellees' motions to dismiss without granting leave to amend the adversary complaint and (2) whether the bankruptcy court erred or abused its discretion by allowing a "waived affirmative defense" to be considered.[7] (Doc. 7 at 6). In addition, though not stated in her statement of issues, Ms. Velardi argues that the bankruptcy court erred in concluding that the loan was ever consummated for purposes of the three-year limitations period. She alleges that this was

---

[7] The Countrywide appellees presented a counter-statement of issues, again raising the issue of res judicata. (Doc. 13 at 10). The bankruptcy court did not address the issue of res judicata, nor will this court.

11

error because the lender was never identified and the loan was never funded. Ms. Velardi's arguments are without merit and the bankruptcy court correctly concluding that she had not pled any plausible TILA claims and that amendment would have been futile. Accordingly, the decision of the bankruptcy court will be affirmed.

"Congress enacted [the] TILA in 1968 to promote the 'informed use of credit.'" *Sherzer v. Homestar Mortg. Servs.*, 707 F.3d 255 (3d Cir. 2013) (quoting 15 U.S.C. §1601(a)). The law requires lenders to make certain disclosures to consumers regarding loan terms and arrangements. *McCutcheon v. America's Servicing Co.*, 560 F.3d 143, 147 (3d Cir. 2009). It is a remedial consumer protection statute that is construed strictly against the creditor and liberally in favor of the consumer. *Roberts v. Fleet Bank (R.I.)*, 342 F.3d 260, 266 (3d Cir. 2003).

Pursuant to the TILA, "[c]onsumers have an absolute right to rescind [their loan] for three business days after closing on the loan." *Sherzer*, 707 F.3d at 256 (citing 15 U.S.C. §1635(a)). If a consumer does not receive all of the disclosures required by the TILA the three day limitation does not apply. *Id*. But the right to rescission does not last forever. *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790, 792 (2015). "Even if a lender *never* makes the required disclosures, the 'right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first.'" *Id.* (quoting 15 U.S.C. §1635(f)) (emphasis in

original). The TILA provision extinguishing the right to rescission after three years is a statute of repose, not a statute of limitations. *See Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 417 (1998). There is no federal right to rescind after the three-year period has run.

The borrower is not required to file suit within the three-year period in order to exercise the right to rescission. *Jesinoski*, 135 S. Ct. at 792. The right may be exercised by the borrower's notification to the creditor of the intention to rescind. *Id.* (citing 15 U.S.C. §1635(a)) (A borrower "shall have the right to rescind . . . by notifying the creditor . . . of his intention to do so")). "[S]o long as the borrower notifies within three years after the transaction is consummated, his [or her] rescission is timely." *Id.* It follows that if a borrower does not notify the creditor of the intent to rescind within three years, the rescission in untimely and ineffective as the right has expired and, thus, does not exist.

The three-year limitations period starts at either "the consummation of the transaction or upon the sale of the property, whichever occurs first." 15 U.S.C. §1635(f). In accordance with the Federal Reserve Board ("Board") regulation implementing the TILA, Regulation Z, "[c]onsummation means the time that a consumer becomes contractually obligated on a credit transaction." 12 C.F.R. §226.2(13). According to the Board's Official Staff Interpretations, state law governs when a contractual obligation is created. 12 C.F.R. Pt. 226 Supp. I; *see also In re McNinch*, 250 B.R. 848, 857–58 (W.D.

13

Pa. 2000) (applying state law to the parties' loan agreement). These Official Staff Interpretations are given great deference unless "demonstrably irrational." *Rossman v. Fleet Bank (R.I.) Nat'l Ass'n,* 280 F.3d 384, 389 (3d Cir. 2002) (quoting *Ford Meter Credit Co. v. Milhollin,* 444 U.S. 555, 565 (1980)).

In Pennsylvania, a note secured by a mortgage is a negotiable instrument governed by Pennsylvania's Uniform Commercial Code, Article 3, Negotiable Instruments ("PUCC Art. 3"), 13 PA. CONS. STAT. §3101 *et seq*. *See CitiMortgage, Inc. v. Barbezat,* 131 A.3d 65, 69 (Pa. Super. Ct. 2016). The mortgage is an "accessory" to the note allowing the holder of the note to proceed in an action on the note or an action in foreclosure to recover the secured property. *Id*. at 68. In its entirety, this loan transaction involves a promise to pay (the note) and security of the debt (the mortgage). It is consummated when the proceeds of the loan are issued to the borrower and the note and mortgage documents are fully executed and delivered, which would occur at the closing of the loan. *Baribault v. Peoples Bank of Oxford,* 714 A.2d 1040, 1043 (Pa. Super. Ct. 1998).

The bankruptcy court concluded that Ms. Velardi's loan transaction was consummated on January 8, 2008. Ms. Velardi's note and mortgage are, in fact, dated January 8, 2008. (*See* Doc. 3 at 38, 46, 60). This date is clear from the documents attached to the adversary complaint. (*See id*.). In addition, Ms. Velardi's explicitly states in her adversary complaint that she "executed a

14

promissory note and security agreement" on January 8, 2008. (Doc. 3 at 17). Based on this, the court agrees with the bankruptcy court's conclusion that Ms. Velardi's loan was consummated on January 8, 2008. This would make her May 15, 2015 rescission letter untimely. Ms. Velardi's right to rescind under the TILA expired three years after the loan consummation, in January of 2011. 15 U.S.C. §1635(f); *Jesinoski*, 135 S. Ct. at 792. The letter she sent in 2015 was over four years too late. Because her right to rescind had expired, the letter Ms. Velardi sent to the appellees had no legal effect.

Ms. Velardi attempts to avoid the clear application of the three-year statute of repose based on various arguments. The court will address them here.

Ms. Velardi first insists that the appellees' defense was barred by what she calls a "strict 20 day [s]tatute of [l]imitation." (Doc. 7 at 11). Ms. Velardi cites to Regulation Z for this proposition, particularly 12 C.F.R. §226.23(d). This provision is not a statute that could impose a bar on the appellees. Even construing Ms. Velardi's argument as that of waiver and not as an argument premised on a statute of limitations, her argument is without merit.

Nothing in the regulatory provision Ms. Velardi cites to bars the appellees' arguments with respect to the statute of repose. The provision presumes that the rescission sent by the borrower is effective and goes on to state the resulting effects. See 12 C.F.R. §226.23(d) (titled "Effects of rescission"). As explained above, the right to rescission expires three years

15

after loan consummation. Thus, an attempt to rescind after that time period is ineffective. A lender need not respond to a legal nullity or be forever barred from asserting the limitations period. The opposite is true, however. The consumer must assert the right to rescission (via notice) within the three years of consummation or be forever barred.

Next, Ms. Velardi argues that the defense was waived because it was not pled in an answer and that the Third Circuit Rule should not have been applied. It is very clear in this circuit that a limitations defense can be raised in a Rule 12(b)(6) motion as opposed to an answer filed pursuant to Federal Rule of Civil Procedure 8 where the statement of the claim shows that the cause of action could not have been brought within the limitations period. *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (citing *Robinson v. Johnson*, 313 F.3d 128, 134–35 (3d Cir. 2005). The bankruptcy court's decision to reach the limitations argument was clearly proper. Ms. Velardi expressly states in her adversary complaint that the note and security agreement for the property were executed on January 8, 2008 and that the rescission letter was sent on May 15, 2015. (Doc. 3 at 17–18). The documents attached to the adversary complaint also confirm these dates. (*Id*. at 38, 46, 60, 69). Based on these averments and attachments, the bankruptcy court could properly dismiss Ms. Velardi's TILA claims based on the limitations period while staying within the bounds of Rule 12(b)(6).

Lastly, Ms. Velardi argues that the loan was never consummated because the lender was never identified and therefore the loan was never funded as required under Pennsylvania common law. First, if this were true then Ms. Velardi would have nothing to rescind, making her TILA claims implausible for that reason alone. Second, Ms. Velardi has misapplied the law as the note is a negotiable instrument governed by the PUCC Art. 3, not Pennsylvania common law. In the law governing negotiable instruments, a holder of a note need not be named on the instrument in order to enforce the obligations under that instrument. *See* 13 Pa. Cons. Stat. §3301; *CitiMortgage*, 131 A.3d at 69.

With respect to the funding of the loan, the adversary complaint admits that the loan was a "funded loan." (Doc. 3 at 30). Thus, Ms. Velardi's argument that the loan was never funded is without merit. The court must accept the factual (not legal) allegations in the adversary complaint as true and there is no allegation that the loan was never funded. Ms. Velardi's true argument appears to be that she did not know *who* funded the loan. (*See id*. at 30). However, the legal determination regarding loan consummation requires a finding that the loan proceeds were issued and that the documents were executed and delivered. *Baribault*, 714 A.2d at 1043. Who issued the proceeds is not relevant to this particular analysis. Accordingly, the court will affirm the bankruptcy court's conclusion that Ms. Velardi's TILA claims were time-barred.

Ms. Velardi's second basis for appeal is the bankruptcy court's grant of the appellees' motions to dismiss with prejudice and without leave to amend. Ms. Velardi argues that the bankruptcy court abused its discretion in this regard. Here, the bankruptcy court's denial of leave was premised on futility. The court must assess the absence or existence of futility under the same pleading standard as that imposed by Rule 12(b)(6). *Great Western Mining & Mineral Co.*, 615 F.3d at 175. Further, there will be no abuse of discretion "where pleading deficiencies would not have been remedied by proposed amendments." *Id.* (quoting *Kanter,* 489 F.3d at 181).

The court has carefully reviewed the various, sometimes contradictory, allegations in Ms. Velardi's adversary complaint. The court agrees with the bankruptcy court that these allegations offer no plausible right to relief under the TILA based on the three-year statute of repose. No amendment could save these claims. Accordingly, the bankruptcy court's denial of leave to amend was not an abuse of discretion and will be affirmed.

## IV.  CONCLUSION

Based on the above, the court finds that the bankruptcy court's entry of judgment in favor of the Countrywide appellees and the Rushmore appellees was proper and should not be disturbed. Ms. Velardi did not state any plausible TILA claims in her adversary complaint as her claims were barred by the three-year statute of repose. Any amendment to the adversary

complaint would have been futile. Accordingly, the bankruptcy court's February 24, 2016 and June 2, 2016 orders granting the appellees' motions to dismiss, entering judgment in their favor, and dismissing Ms. Velardi's adversary complaint will be **AFFIRMED**. Ms. Velardi's appeal, (Doc. 1), will be **DENIED**. An appropriate order will follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: May 3, 2017**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2016 MEMORANDA\16-1120-01.wpd